jy

```
                                                    FILED IN MY OFFICE
                                                    DISTRICT COURT CLERK
                                                    7/30/2015 3:19:09 PM
                                                    PHILIP ROMERO
```

THIRTEENTH JUDICIAL DISTRICT COURT
STATE OF NEW MEXICO
COUNTY OF VALENCIA

RICK McCONNELL,
    Plaintiff,

vs.                        No. D-1314-CV-2015-00774

GEO Group, Inc., a Corporate Entity doing business
in the State of New Mexico as the Lea
County Correctional Facility, Hobbs,
New Mexico,

WARDENS JOHN DOES 1-3, Lea County
Correctional Facility and Central New Mexico
Correctional Facility, Individually,

CAPTAINS JOHN DOES 1 through 5,
Strategic Threat Group (STG), Central
New Mexico Correctional Facility,

LT. FNU RIGDON, Central New Mexico Correctional
Facility, Individually,

SGT. FNU PERRY, Lea County Correctional
Facility, Individually,

JOHN and JANE DOES 1 through 12,
Corrections Officers of the State of New Mexico,
Corrections Department, Individually,

JOHN and JANE DOES 13 through 20,
Transport Officers of the State of New Mexico,
Corrections Department, Individually,

JOSEPH ROMERO, Warden, Central New
Mexico Correctional Center, Individually,

CONSOLIDATED MEDICAL SERVICE (CMS),



a Corporate Entity Doing Business in New Mexico,

CORIZON MEDICAL SERVICES,
a Corporate Entity Doing Business in New Mexico,

JOHN SANCHEZ, Chief Classification Officer,
Central New Mexico Correctional Facility,
Individually,

JANE DOE, Caseworker, Central New Mexico Correctional
Facility,

VICKY LNU, Corizon Medical Services Transport
Scheduling Employee,

      Defendants.

## COMPLAINT FOR CIVIL RIGHTS VIOLATIONS

PLAINTIFF, Rick McConnell, by and through his attorneys, Gene Chavez and Ira Robinson, for his Complaint states:

## PARTIES, JURISDICTION AND VENUE

1. The Plaintiff, RICK McCONNELL, at all times relevant to this action, was a resident of the State and federal judicial district of New Mexico.

2. Each of the Defendants, at all times relevant to this action, were residents of the State and federal judicial district of New Mexico.

3. Defendant GEO Group Inc. is a Corporate Entity doing business in the

State of New Mexico as the Lea County Correctional Facility, Hobbs, New Mexico.

4. WARDENS JOHN DOES 1-3 are or were, at various times relevant to this action, Wardens of the Lea County Correctional Facility and Central New Mexico Correctional Facility. They are sued herein in their individual capacities.

5. CAPTAINS JOHN DOES 1 through 5 are Captains who served at various times relevant to this action with the Strategic Threat Group (STG) at Central New Mexico Correctional Facility. They are sued herein in their individual capacities.

6. LT. FNU RIGDON was at all times relevant to this action a Lieutenant at the Central New Mexico Correctional Facility. He is sued herein in his individual capacity.

7. SGT. FNU PERRY was at all times relevant to this action a Sergeant at the Lea County Correctional Facility. He is sued herein in his individual capacity.

8. JOHN and JANE DOES 1 through 12 are Corrections Officers of the State of New Mexico, Corrections Department. They are sued herein in their indivudal capacities.

9. JOSEPH ROMERO was at all times relevant to this action the Warden of the Central New Mexico Correctional Facility. He is sued herein in his individual capacity.

10. CONSOLIDATED MEDICAL SERVICE (CMS) is a Corporate Entity Doing Business in New Mexico.

11. CORIZON MEDICAL SERVICES is a a Corporate Entity Doing Business in New Mexico,

12. JOHN SANCHEZ was at all times relevant to this action the Chief Classification Officer at the Central New Mexico Correctional Facility. He is sued herein in his individual capacity.

13. JANE DOE, at all times relevant to this action, was a caseworker at the Central New Mexico Correctional Facility. She is sued herein in her individual capacity.

14. VICKY LNU, at all times relevant to this action, was a Corizon Medical Services Transport Scheduling Employee. She is sued herein in her individual capacity.

15. Each of the Defendants in this case acted under color of the laws of the

State of New Mexico, and Mr. McConnell, the Plaintiff herein, was incarcerated under color of the laws of the State of New Mexico.

16. Each of the natural person Defendants in this case is sued in his or her individual capacity. No suit against the State of New Mexico that would be barred under the Eleventh Amendment to the United States Constitution is intended or implied by naming these natural persons.

17. Each of the corporate business entities named as Defendants in this case is sued in its individual capacity and not as an agent or arm of the State. No suit against the State of New Mexico that would be barred under the Eleventh Amendment to the United States Constitution is intended or implied by naming these corporate business entities.

18. This action is brought pursuant to 42 U.S.C. §1983, a federal statute.

19. Jurisdiction and venue in this action lie with the United States District Court for the District of New Mexico.

## FACTS RELEVANT TO THE CASE

20. On November 6, 2014, a hearing was held before the Second Judicial District Court, State of New Mexico, on the Petition for Writ of Habeas Corpus

(and Motion for Reconsideration of Sentence) filed by the Defendant, Rick McConnell, in Cause No. D-202-CR-2010-01993.

21. The State of New Mexico appeared at said hearing and was represented by Gerry Treich, Senior Trial Attorney of the Second Judicial District Attorney's Office. Mr. McConnell appeared and was represented by and through his counsel of record, Ira S. Robinson, Esq.

22. The Court considered the pleadings and heard and considered the testimony of the witnesses, the evidence presented, and the arguments of the attorneys, and the Court being satisfied in the premises, entered findings related to the following:

   A. The Plaintiff herein, Rick McConnell, suffered a serious workplace-related accident which crushed his left leg and foot, in 2007, which accident was covered by Workers Compensation Insurance.

   B. In the course of treatment for this accident, the Plaintiff underwent 27 surgeries and related medical procedures.

   C. The numerous surgeries and medical procedures resulted in several amputations of Plaintiff's toes, then parts of his foot and left leg, finally

    resulting in the amputation of Mr. McConnell's leg up to just below his knee.

D. The Plaintiff experienced extreme pain, suffering and disability, among other injuries and damages, as a result of the 2007 workplace accident.

E. The Plaintiff's doctors prescribed strong medications, including Oxycontin, Hydrocodone, and other pain-killers legally prescribed by his doctors.

F. As a result, in part, of the constant, severe pain and suffering, Plaintiff relapsed into using illegal drugs and pain killers.

G. Plaintiff was arrested, mostly on drug-related charges, released on the community-release program, and later was taken back into custody. Plaintiff ultimately plead guilty to criminal charges in Second Judicial District Court Cause Numbers D-202-CR-2010-01993, CR-10-1076 and CR-09-1105, and was sentenced to 21 years, with 3 years suspended, plus a certain amount of time on probation and parole.

H. Plaintiff was first incarcerated at the Bernalillo County Metropolitan Detention Center on January 26, 2010, then began serving his sentence

on August 3, 2010 at the Lea County Correctional Facility in Hobbs, New Mexico. He subsequently served part of his sentence at the Central New Mexico Correctional Facility at Los Lunas, New Mexico.

I. After Plaintiff's leg was amputated, his doctors prescribed a prosthetic leg for him. The leg was completed on September 13, 2011, but never fit the Defendant well, and Defendant was unable to use it. Some of his prison medical providers failed to agree for a lengthy period of time that the prosthetic leg did not fit.

J. During the time that Defendant was incarcerated at the Lea County Correctional Facility in Hobbs, New Mexico, and the Central New Mexico Correctional facility in Los Lunas, New Mexico, Defendant was unable to use the prosthetic leg that did not fit, and had to get around with crutches, which were often taken away from him by the prison staff, John and Jane Does 1-12 (Corrections Officers) under the leadership and supervision of Lt. FNU Rigdon.

K. During most of his time of incarceration, Defendant had to hop around on one leg, which was very painful and dangerous.

L. Due to the conditions in prison, and the actions and failures to act of the staff at the Lea County Correctional Facility and the Central New Mexico Correctional Facility, Defendant fell many times and was hurt, and he was forced to endure humiliating, painful and dangerous situations, and suffered greatly therefrom.

- i. One example of humiliating, painful and degrading treatment was the removal of Plaintiff's mattress, which occurred on multiple occasions between April 12, 2011 and November 7, 2014, at the behest of Transport Officers (John and Jane Does 13-20), FNU Douglas with CMS and Sergeant FNU Romero (Inmate Property)
- ii. Another example of humiliating, painful and degrading treatment, beginning on August 5, 2010 and continuing on repeated occasions until Plaintiff's release from custody on November 11, 2014, was the use of the inmate showers. Plaintiff was denied any type of supporting device and was forced to hop on one leg while showering. Defendant was denied a shower chair designed for disabled persons. Defendants responsible for this included FNU

Douglas of CMS/Corizon, and all Corrections Officers in charge of showering (John Does 1-12).

- iii. Another example of humiliating, painful, degrading and dangerous treatment was that Plaintiff was forced to use entirely inadequate crutches without rubber tips, resulting on more than one occasion in his falling. This occurred repeatedly on numerous occasions between August 5, 2010 and Plaintiff's release on November 7, 2014. Defendants Corrections Officers John and Jane Does 1-12 were responsible for this treatment.

- iv. Another example of humiliating, painful, degrading and dangerous treatment was that Plaintiff was forced to open extremely heavy cell doors without benefit of a prosthetic leg. This occurred repeatedly between August 2010 and Plaintiff's release from incarceration in November of 2014.

M. The staffs of the Lea County Correctional Facility and the Central New Mexico Correctional Facility made it very difficult for Plaintiff to get medical treatment and proper prosthetic treatment and devices for his

amputated leg.

N. After Plaintiff and his Workers Compensation Attorney, James Rawley, and other Workers Compensation officials would set up medical and prosthetic appointments for him, Staff would lock Plaintiff in an isolated room for hours, without meals, and then come and tell him that his appointment had been cancelled by the prison facility staff. The only thing that they would tell him about the cancellation was that it was for "security reasons." Several Wardens identified as Defendants herein, Captains involved with the "Strategic Threat Group" or "STG", Sergeant FNU Perry and –Vicky LNU, Medical Transport Employee with Corizon Medical Services, were involved with this mistreatment of the Plaintiff.

O. The staffs of the Lea County Correctional Facility and the Central New Mexico Correctional Facility repeatedly interfered with the arrangements made by the defendant, his Workers Compensation attorney, James Rawley, and the Workers Compensation defense attorneys, adjusters and caseworkers to obtain medical treatment and prosthetic treatment by

cancelling Defendant's medical and prosthetic appointments at the last minute. Sergeant FNU Perry, Vicky LNU were involved in this practice at Lea County Correctional Facility throughout calendar years 2013 and 2014, and Lt. FNU Rigdon was involved in this practice at Central New Mexico Correctional Facility between April 12, 2011 and Decdember 15, 2011.

P. Defendant was forced to suffer for a lengthy period of time, until new medical and prosthetic appointments could be arranged again, only to see those new appointments again cancelled, mostly by the Lea County Correctional Facility staff.

Q. As of the date of his habeas corpus hearing in State District Court, November 6, 2014, Defendant still had not received a new prosthetic leg which really fit, all due to the actions and failures to act of the Lea County and Central New Mexico Correctional Facilities as otherwise described herein.

R. The Lea County Correctional Facility is operated by G.E.O. under contract with the State of New Mexico and its Corrections Department.

V. Under prison rules and policies, segregation is only for inmates who have violated the rules and misbehaved, or been disciplinary problems, and are therefore subject to such punishment..

W. Plaintiff had never been a disciplinary problem, and had not violated the prison's rules or policies, and should not have been placed in segregation and kept there for about 10 months.

X. The treatment of the Plaintiff by the State of New Mexico, its Corrections Department and the Central New Mexico Correctional Facility and the Lea County Correctional Facility from 2010 to 2014 was found by the Second Judicial District Court to be wrongful, unjustifiable, and inhumane.

23. Based on all of the foregoing, the Second Judicial Distrrict Court, State of New Mexico, in Cause No. D-202-CR-2010-01993, determined that issuance of the Writ of Habeas Corpus was justified under the circumstances, and Defendant was ordered released immediately and forthwith from prison, and his sentence modified to reflect such release.

24. Based on all off the foregoing, the Second Judicial Distrrict Court,

State of New Mexico, in Cause No. D-202-CR-2010-01993, determined that the Plaintiff had not received, and under the circumstances could not receive, proper treatment in the prison system of the State of New Mexico, and in the custody of the Corrections Department of the State of New Mexico.

25. Based on all off the foregoing, the Second Judicial Distrrict Court, State of New Mexico, in Cause No. D-202-CR-2010-01993, determined that the treatment of Rick McConnell from 2010 to November 2014 at the Lea County Correctional Facility in Hobbs, New Mexico, and at the Central New Mexico Correctional Facility in Los Lunas, New Mexico, constituted cruel and unusual punishment.

26. Based on all off the foregoing, the Second Judicial Distrrict Court, State of New Mexico, in Cause No. D-202-CR-2010-01993, determined that such cruel and unusual punishment violated the Eighth Amendment to the United States Constitution and Article II, Section 10, of the New Mexico Constitution, and that Mr. McConnell should be released from prison forthwith.

### COUNT I: VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION

27. The foregoing paragraphs are herein incorporated by reference as if fully set forth.

28. The treatment to which the Plaintiff, Rick McConnell, was subjected by the various Defendants herein violated his rights to be protected against cruel and unusual punishment as guaranteed by the Eighth Amendment to the United States Constitution.

29. Plaintiff was harmed and injured by said cruel and unusual punishment, for which he is entitled to recover in an action at law brought pursuant to 42 U.S.C. §1983, which is the instant action.

30. Plaintiff requests trial by jury as to this count and as to all counts herein that are so triable.

## COUNT II: VIOLATION OF ARTICLE II, SECTION 10 OF THE CONSTITUTION OF THE STATE OF NEW MEXICO

31. The foregoing paragraphs are herein incorporated by reference as if fully set forth.

32. The treatment to which the Plaintiff, Rick McConnell, was subjected by the various Defendants herein violated his rights to be protected against cruel and unusual punishment as guaranteed by Article II, Section 10 of the Constitution of

the State of New Mexico.

33. Plaintiff was harmed and injured by said cruel and unusual punishment, for which he is entitled to recover in an action at law brought pursuant to 42 U.S.C. §1983, which is the instant action.

34. Plaintiff requests trial by jury as to this count and as to all counts herein that are so triable.

Respectfully Submitted:

/s/ *Gene N. Chavez*
Gene N. Chavez
Attorney for Plaintiff
1220 5th Street, NW
Albuquerque, NM  87102
(505) 338-1634

/s/ *Ira S. Robinson*
Ira S. Robinson, Esq.
Attorney for Plaintiff
P.O. Box 24002
Santa Fe, NM  87502
(505) 410-1855