# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

RICK McCONNELL,

        Plaintiff,

v.                                           1:15-cv-01094 JCH-LF

THE GEO GROUP, INC., et. al.

        Defendants.


## MEMORANDUM OPINION AND ORDER GRANTING SUMMARY JUDGMENT BASED ON EXPIRATION OF STATUTE OF LIMITATIONS

THIS MATTER comes before the Court on the Motion for Summary Judgment Based on Expiration of Statute of Limitations on Behalf of Defendants James Rigdon, John Sanchez, Anthony Romero, Joseph Garcia, and Kimber Bonilla. **[Doc. 41]** After reviewing the motions, briefs, and applicable law, the Court concludes that the motion shall be **GRANTED**.

## BACKGROUND

In 2010, Plaintiff Rick McConnell began serving a sentence for a New Mexico state court conviction at the Lea County Correctional Facility in Hobbs, NM. **[Doc. 42-1, p. 2]** Plaintiff later served a portion of his sentence, from April 13, 2011 to December 15, 2011, at the Central New Mexico Correctional Facility (CNMCF) in Los Lunas, NM. **[Doc. 41-1, p. 1]** On November 6, 2014, McConnell filed a petition for writ of habeas corpus in state court challenging the conditions of his confinement, which was granted on November 17, 2014. **[Doc. 42-1]** The state district court concluded that McConnell could not receive necessary and proper medical treatment while in state custody and that the conditions of his confinement up to that point

constituted cruel and unusual punishment, in violation of the state and federal constitutions. **[Doc. 42-1, p. 5]** The state district court modified McConnell's prison sentence to time served, followed by parole and probation. **[Doc. 42-1, pp. 4-5]**

On July 30, 2015, Plaintiff initiated this lawsuit, pursuant to 42 U.S.C. § 1983 (1979), alleging that the conditions of his incarceration constituted cruel and unusual punishment and violated his constitutional rights. **[Doc. 1-1]** As a result of a workplace injury that occurred prior to his conviction, Plaintiff underwent multiple surgeries and eventually had his left leg amputated up to just below his knee. **[Doc. 1-1, pp. 6-7]** Plaintiff's doctors prescribed a prosthetic leg, which was completed on September 13, 2011, while Plaintiff was incarcerated at CNMCF. **[Doc 1-1, p. 8]** The prosthesis did not fit properly, so Plaintiff did not use it and instead relied on crutches to get around the facility. **[Doc. 1-1, p. 8]** However, prison staff often took Plaintiff's crutches away, leaving him without assistance, and forcing him to hop around on one leg. **[*Id.*]** Plaintiff alleges that the prison staff failed to provide medical care and proper prosthetic treatment for his amputated leg, subjected him to painful, humiliating, and dangerous conditions by taking away his crutches, and wrongfully subjecting him to segregation following transport for a hearing and medical appointment. **[Doc. 1-1, pp. 8-13]**

Defendants James Rigdon, John Sanchez, Anthony Romero, Joseph Garcia, and Kimber Bonilla (CNMCF Defendants) were employees of CNMCF at all times relevant to the allegations in Plaintiff's complaint. **[Doc. 41, p. 1; Doc. 10, pp. 2-3; Doc. 35, pp. 2-3]** The CNMCF Defendants now move for summary judgment, arguing that the three-year statute of limitations had expired before Plaintiff initiated the instant suit on July 30, 2015. **[Doc. 41]** In response, Plaintiff argues that the complaint was timely filed because his cause of action did not accrue until the state court granted his habeas petition on November 17, 2014. **[Doc. 42]**

## LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248–50 (1986). A fact is considered material if it "might affect the outcome of the suit under the governing law." *Id*. An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997). In analyzing a motion for summary judgment, a court must view the evidence and all reasonable inferences therefrom in the light most favorable to the nonmovant. *Adler v. Wal-Mart Stores, Inc*., 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986)).

When, as here, "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Cassara v. DAC Serv., Inc*., 276 F.3d 1210, 1212 (10th Cir. 2002) (internal quotation marks omitted). The burden then shifts to the opposing party to come forward with admissible evidence to create a genuine issue of material fact on that element. *See Bacchus Indus., Inc. v. Arvin Indus., Inc*., 939 F.2d 887, 891 (10th Cir. 1991).

The limitations period for a claim brought under Section 1983 is "borrowed" from the general personal injury statute of limitations in the state in which the action arose. *Owens v. Okure*, 488 U.S. 235, 249–50, 109 S. Ct. 573, 582, 102 L. Ed. 2d 594 (1989). In New Mexico, the limitations period for general personal injury claims is three years. NMSA 1978, § 37-1-8. An action under Section 1983 accrues, and the statute of limitations period begins to run, "when

facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal citation omitted); *see also Wallace v. Kato*, 549 U.S. 384, 391, 127 S. Ct. 1091, 1097, 166 L. Ed. 2d 973 (2007). Thus, a plaintiff with a Section 1983 claim arising in New Mexico has three years to bring suit before the claims will be time-barred, unless a separate tolling provision applies. *See Fogle*, 435 F.3d at 1258.

## DISCUSSION

In the instant case, the facts pertaining to the timeline of events are not in dispute. Both parties agree that Plaintiff was incarcerated at CNMCF from April 13, 2011 to December 15, 2011 and that Plaintiff filed his complaint in this case on July 30, 2015, approximately three years and seven months after his time at CNMCF. Both parties also agree that the state district court granted Plaintiff's petition for writ of habeas corpus on November 17, 2014. The parties disagree, however, about when Plaintiff's claim accrued and the three-year statute of limitations period commenced.

The CNMCF Defendants argue that Plaintiff's § 1983 claims against them are based on his treatment during the time he was incarcerated at CNMCF and that, given the nature of the claims, he would "immediately have become aware of the existence and cause of injury, thereby triggering the statute of limitations to run." **[Doc. 41, p. 3]** The CNMCF Defendants argue that because Plaintiff was only detained at CNMCF from April 13, 2011 to December 15, 2011, the three-year statute of limitations would necessarily have expired on December 15, 2014, at the latest. **[*Id*.]** Thus, Plaintiff's July 20, 2015 complaint was time-barred. **[*Id*.]**

 Plaintiff argues that the statute of limitations did not begin to run in his case until November 17, 2014, when he obtained a writ of habeas corpus from the state court. **[Doc. 42, p. 3]** Plaintiff makes this argument pursuant to *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S. Ct.

2364, 2372, 129 L. Ed. 2d 383 (1994), which he cites for the proposition that "a plaintiff cannot complain under 42 U.S.C. § 1983 of the illegality of a sentence until that sentence has been invalidated." **[*Id*.]** Plaintiff maintains that his right of action accrued once the state district court issued the writ of habeas corpus on November 17, 2014, and because he filed suit less than one year later, on July 30, 2015, the suit was timely filed. **[Doc. 42, p. 4]**

In *Heck v. Humphrey*, the United States Supreme Court considered "whether a state prisoner may challenge the constitutionality of his conviction in a suit for damages under 42 U.S.C § 1983." 512 U.S. at 478. The Court held that a prisoner "has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id*. at 489. The language of that holding has been clarified by future cases to apply only where a prisoner is challenging the validity of the prisoner's underlying conviction or the sentence originally imposed. *See Muhammad v. Close*, 540 U.S. 749, 752 n.1, 124 S. Ct. 1303, 1305, 158 L. Ed. 2d 32 (2004) (clarifying that *Heck's* requirements are not implicated where a prisoner is not challenging the conviction duration of incarceration ordered by the original judgment of conviction). On the other hand, where the prisoner's § 1983 claim is challenging only the conditions of confinement, rather than the fact of confinement, *Heck* does not apply. *Slack v. Jones*, 348 F. App'x 361, 364 (10th Cir. 2009) (citing *Muhammad* for the proposition that *Heck* does not apply to a challenge based on conditions of confinement).

Here, Plaintiff has not raised a challenge to the validity of the conviction underlying his sentence, nor has he challenged the duration of his sentence as originally imposed. Instead, his claims are based on the conditions of his confinement under what appears to be an otherwise lawful sentence. Thus, *Heck* does not apply. *See Slack*, 348 F. App'x at 364.

Plaintiffs cause of action accrued once the facts supporting his claims were apparent. Because the claims are based on the conditions of his confinement, the facts supporting his claims against the CNMCF were necessarily apparent during the time he was held in that facility, which ended on December 30, 2011. Further, because the statute of limitations is three years and Plaintiff filed his complaint more than three years after his incarceration at CNMCF, Plaintiff's claims against the CNMCF Defendants are time-barred. Thus, the CNMCF Defendants have established the absence of a genuine issue of material fact that Plaintiff knew or should have known of the facts supporting his § 1983 claim by December 15, 2011. Accordingly, summary judgment in favor of the CNMCF Defendants is appropriate.

**IT IS THEREFORE ORDERED** that the Motion for Summary Judgment Based on Expiration of Statute of Limitations on Behalf of Defendants James Rigdon, John Sanchez, Anthony Romero, Joseph Garcia, and Kimber Bonilla **[Doc. 41]** is **GRANTED and Plaintiff's claims against the above-named Defendants are dismissed**.

_____
**UNITED STATES DISTRICT JUDGE**